IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-41095
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARMANDO NIETO ZEPEDA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-00-CR-121-1
_____

May 16, 2002

Before POLITZ, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Armando Nieto Zepeda appeals his conviction and sentence for possession with

intent to distribute more than 100 kilograms of marijuana in violation of 21 U.S.C. §§

_____

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

841(a)(1), (b)(1)(B) and 18 U.S.C. § 2. He asserts that he was entrapped as a matter of law and that the district court erred at sentencing because it did not realize that it had the authority to depart from the guidelines based upon his incomplete entrapment defense.

At trial, Nieto presented an entrapment defense but it was rejected by the jury. We therefore review his claim that the defense should have been allowed for sufficiency of the evidence.[1] We will only reverse "if no rational jury could have found beyond a reasonable doubt either (1) lack of government inducement or (2) predisposition to commit the charged crime."[2] Our careful review of the record reveals that Nieto was predisposed to commit the crime in question.[3] Accordingly, he was not entrapped as a matter of law and we affirm his conviction.

Nieto also contents that the district court misconstrued his motion for downward departure and did not realize that it had the authority to depart based on his incomplete entrapment defense. While the government concedes that the district court misconstrued Nieto's motion, this confusion was caused by defense counsel who then

---

[1] United States v. Rodriguez, 43 F.3d 117, 126 (5th Cir. 1995).

[2] United States v. Reyes, 239 F.3d 722, 739 (5th Cir. 2001), cert. denied, 533 U.S. 961 (2001), and 122 S.Ct. 156 (2001).

[3] United States v. Chavez, 119 F.3d 342, 346 (5th Cir. 1997).

failed to either clarify his request or object to the district court's ruling. We therefore review Nieto's claim for plain error.[4] Nieto has failed to demonstrate that his substantial rights have been affected by the district court's error and has, therefore, failed to show plain error.[5]

Accordingly, the judgment and sentence of the district court are AFFIRMED.

---

[4] United States v. Anderson, 174 F.3d 515, 525 (5th Cir. 1999).

[5] United States v. Calverly, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc).